# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, § § | | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-06-2973 |
| | § | |
| RENAISSANCE HEALTHCARE SYSTEMS, INC., | § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This breach of contract case is before the Court on the Motion for Summary Judgment [Doc. # 14] filed by Plaintiff Principal Life Insurance Company ("Principal"). Defendant Renaissance Healthcare Systems, Inc. ("Renaissance") filed its Response [Doc. # 16], and Plaintiff filed its Reply [Doc. # 17]. Based on a careful review of the full record in this case and the application of governing legal authorities, the Court **grants** Plaintiff's Motion.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Principal is a provider of group medical insurance policies, and Renaissance operates hospitals in Texas. Principal issued two group medical policies to Renaissance. Policy GME P96107-1 (the "Houston Policy") covered employees at

Renaissance Hospital – Houston, and Policy H13310-1 (the "Groves Policy") covered employees at Renaissance Hospital – Groves.

It is undisputed that Renaissance failed to pay the final premiums for each of the two policies, an amount totaling $280,149.81. Principal filed this lawsuit alleging that Renaissance's failure to pay premiums constituted a breach of contract and seeking to recover the unpaid amount, plus interest and attorneys' fees. Defendant filed its Answer denying that it "was 'responsible for' and 'remained liable for' the payment of premiums under the referenced polic[ies], inasmuch as Plaintiff was itself in breach of contract." *See* Answer [Doc. # 5], ¶¶ 3-4. Defendant asserted "the defense of offset" as an affirmative defense, and stated that it reserved "the right to amend this answer to assert a counterclaim for breach of contract by Plaintiff." *See id.*, ¶ 13. Defendant has not, however, filed a counterclaim against Plaintiff and the deadline to do so expired February 12, 2007. *See* Docket Control Order [Doc. # 10].

Following the close of discovery, Plaintiff filed its Motion for Summary Judgment. The motion has been fully briefed and is now ripe for decision.

## II.  STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any

affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

For summary judgment, the initial burden falls on the movant to identify areas in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). Instead, the nonmoving party must present specific facts which show "the existence of a 'genuine' issue" in dispute. *Id.* In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III.   ANALYSIS

Plaintiff asserted a claim for breach of contract against Renaissance, which requires Principal to prove "(1) the existence of a valid contract, (2) the plaintiff's

performance or tendered performance, (3) the defendant's breach of the contract, and (4) damages as a result of the breach." *Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 882 (Tex. App. – Dallas 2007, no pet.); *see also Winchek v. Am. Express Travel Related Servs. Co., Inc.*, 232 S.W.3d 197, 202 (Tex. App. – Houston [1st Dist.] 2007, no pet.).

It is undisputed that the policies are valid contracts, that Defendant failed to pay certain premiums under the policies, and that Plaintiff suffered damages in the amount of the unpaid premiums. Plaintiff has presented uncontroverted evidence that it paid claims during the policy periods, including during the months for which Renaissance failed to pay premiums. *See* Declaration of Carol Bemisdarfer, Exh. 1 to Motion for Summary Judgment, ¶¶ 6, 11.

Defendant argues, however, that a genuine issue of material fact exists regarding whether Plaintiff performed under the contracts or whether Plaintiff breached the contracts, thus excusing Defendant's non-payment of premiums. In support of its argument, Defendant has submitted the affidavit of its CEO, Dan De la Garza. *See* Affidavit of Dan De la Garza, attached as Exh. 1 to Defendant's Response [Doc. # 16]. In his Affidavit, De la Garza states summarily that Plaintiff denied medical claims or reduced the amount of payment under a claim "in violation of the policies." *See id.*, p. 1. De la Garza does not, however, identify any claim that was

improperly denied or as to which Principal improperly paid a reduced amount. Indeed, it appears that his belief that Principal's claim handling was "in violation of the policies" is based on his personal view that "the amount and degree of errors and refusals by Principal far exceed what is typical in the industry." *See id.*, p. 2. Defendant has also failed to produce any documentation of specific claims that Principal denied or for which it paid only a reduced amount "in violation of the policies." The discovery period in this case has ended. Defendant's only evidence to support its argument that Plaintiff breached the policies is De la Garza's conclusory statement of his own belief, based on his perception of what is typical in the industry, that Principal's decisions regarding the payment of claims were "in violation of the policies." This unsubstantiated assertion is insufficient to raise a genuine issue of material fact, and Plaintiff is entitled to summary judgment on its breach of contract claim.[1]

## IV.   **CONCLUSION AND ORDER**

---

[1] Although not argued by Defendant in its Response to Plaintiff's Motion for Summary Judgment, Defendant asserted in its Answer "the defense of offset" as an affirmative defense, and stated that it reserved "the right to amend this answer to assert a counterclaim for breach of contract by Plaintiff." *See id.*, ¶ 13. An "offset" is an equitable counterclaim, not an affirmative defense. *See Capital Concepts Properties 85-1 v. Mutual First, Inc.*, 35 F.3d 179, 175 (5th Cir. 1994) (applying Texas law). It is beyond dispute that Defendant has not asserted a counterclaim against Plaintiff for any right it might have to an offset.

Plaintiff and Defendant have stipulated that Defendant failed to pay $178,177.76 under the Houston Policy and $101,972.05 under the Groves Policy, for a total of $280,149.81 under both policies. Defendant has failed to present evidence that raises a genuine issue of material fact regarding whether Plaintiff failed to perform under the policies such that Defendant's performance was excused, and Defendant has not asserted a counterclaim for an offset. As a result, the uncontroverted evidence establishes that Plaintiff is entitled to summary judgment in the amount of $280,149.81 on its breach of contract claim, and it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 14] is **GRANTED**. It is further

**ORDERED** that Plaintiff shall present to the Court by **November 13, 2007**, evidence and legal authority regarding its claim for prejudgment interest and attorneys' fees. Defendant shall file any response by **November 23, 2007**, and Plaintiff may file a reply by **November 28, 2007**.

SIGNED at Houston, Texas, this **30th** day of **October, 2007**.

_Nancy F. Atlas_
Nancy F. Atlas
United States District Judge